IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA D. BIGGS EL, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| FRESENIUS MEDICAL CARE | : | No. 25-cv-6041 |
| NORTH AMERICA, *et al.,* | | |
| *Defendants.* | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                              **February 24, 2026**

On October 21, 2025, Plaintiff Cynthia D. Biggs El ("Plaintiff") filed a *pro se* Complaint

against sixteen Defendants. ECF No. 1. Plaintiff's Complaint pleads nineteen causes of action

stemming from her medical treatment at Fresenius Kidney Care Abington and other hospitals, and

alleged restrictions on her right to seek treatment at a dialysis center of her choice. *See id.* Certain

Defendants subsequently moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of

Civil Procedure 12(b)(1), (12)(b)(5), and 12(b)(6). ECF Nos. 8, 17, 18. Plaintiff opposed.[1] ECF

Nos. 26–27. For the reasons set forth below, the Motions to Dismiss (ECF Nos. 8, 17, 18) will be

**GRANTED**, and the Complaint will be dismissed **WITHOUT PREJUDICE** as to the Moving

Defendants.[2]

---

[1] On February 17, 2026, Plaintiff filed a Motion Not to Dismiss Claims Against Michael L. Levin, John Fontanilla, et al. ECF No. 26. The following day, Plaintiff filed a corrected version of her Motion Not to Dismiss. ECF No. 27. These Motions will be denied insofar as they request relief, i.e., not to dismiss the Complaint. The Court otherwise construes the Motions as oppositions to the instant Motions to Dismiss and has addressed Plaintiffs arguments against dismissal below. (ECF Nos. 8, 17, 18).

[2] The "Moving Defendants" are Defendants Sophia Moldavsky (ECF No. 8), Michael L. Levin and John R. Fontanilla (ECF No. 17), and Stefan T. Tachev (ECF No. 18).

## I.    BACKGROUND

### A.  Factual Background

The Court draws the following allegations from Plaintiff's Complaint and assumes them to be true at the motion-to-dismiss stage. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). Plaintiff is a 72-year-old resident of Montgomery County, Pennsylvania. ECF No. 1 ¶ 195 & at 42. In February 2023, she was diagnosed with end stage renal disorder at Doylestown Hospital and was informed that she required immediate dialysis treatment. *Id.* ¶ 11. Plaintiff was "admitted to the hospital the same day" and "underwent her first dialysis treatment at Doylestown Hospital." *Id.* ¶ 12. A social worker at Doylestown Hospital then arranged for Plaintiff to be treated at Fresenius Kidney Care Abington ("FKC Abington"), an out-patient dialysis treatment center. *Id.* ¶ 63.

On March 6, 2023, Plaintiff started undergoing dialysis treatments at FKC Abington. *Id.* ¶ 64. She alleges that FKC Abington improperly identified her as "Cynthia Biggs," which is the name on her Medicare account, rather than as "Cynthia Biggs El," which is how she identifies herself. *Id.* ¶¶ 64, 66. On March 17, 2023, Plaintiff alleges that hospital staff left her alone in the middle of preparing her dialysis, with her "port valves open and fully exposed," causing blood and saline to emit from the open valves. *Id.* ¶ 68. Moving Defendant Michael Levin "went over to Biggs El's station to assess the emergency" and "assured Biggs El they would not administer any medications that would harm her." *Id.*

On March 29, 2023, "due to mounting concerns with her treatment [at] FKC Abington," Plaintiff discussed transferring her care to the Willow Grove DaVita Dialysis Treatment Center ("DaVita"). *Id.* ¶ 77. Plaintiff then requested that her medical records be transferred, and FKC Abington transferred her records on March 31, 2023. *See id.* ¶ 81. In the following week, DaVita

informed Plaintiff that nocturnal treatment at DaVita had been placed on hold. *Id.* ¶ 82.  The DaVita Placement Center helpline then informed Plaintiff that FKC Abington had cancelled her medical records transfer and that DaVita had been informed that Plaintiff "would be staying with FKC Abington until a placement [was] available for nocturnal treatment" at DaVita. *Id.* ¶ 83. According to Plaintiff, FKC Abington's cancellation of her records transfer without her consent was done "to achieve what might work best for parties other than Biggs El." *Id.* ¶ 95. Plaintiff alleges that she subsequently continued to receive poor care at FKC Abington, including because Moving Defendants Michael Levin and John Fontanilla were "reluctant to write" prescriptions for her. *See id.* ¶¶ 90–97, 100.

On April 3, 2023, Plaintiff "decided to end her dialysis treatment" at FKC Abington and signed an "Early Termination of Treatment Against Medical Advice" form. *Id.* ¶¶ 102–03. According to Plaintiff, no medical advice was given prior to her termination of dialysis. *Id.* ¶ 103. On April 10, 2023, Plaintiff reported back to FKC Abington, which informed her that "three DaVita treatment centers declined her acceptance to their facility." *Id.* ¶¶ 104–05. Plaintiff subsequently continued to attempt to secure a placement at a DaVita dialysis center and proceeded to receive further treatment at FKC Abington. *See id.* ¶¶ 106–33. Over the course of this treatment at FKC Abington, Plaintiff sent multiple letters addressed to FKC Abington, including to Moving Defendant Levin, who called Plaintiff in response to confirm receipt of the letters. *See id.* ¶¶ 128–44.

On May 8, 2023, Plaintiff sent an additional letter to Moving Defendant Levin. *See id.* ¶ 144. That letter from Plaintiff apparently referenced potential charges of assault and battery against the hospital or hospital staff. *See id.* ¶ 145. On May 10, 2023, Moving Defendant Levin approached Plaintiff "and publicly notified her in front of staff and other patients that she had thirty

(30) days to find another treatment center," referencing "the potential of charges of assault and battery" mentioned in Plaintiff's May 8 correspondence. *See id.* Plaintiff alleges this interaction "caused undue stress and duress." *See id.*

Plaintiff subsequently appears to have received dialysis treatment at Paoli Hospital from Fresenius dialysis technicians. *See id.* ¶ 28 (referring to September 7, 2025 treatment).

### B. Procedural History

On October 21, 2025, Plaintiff initiated this action against sixteen Defendants, including FKC Abington, various dialysis technicians, doctors practicing at Paoli hospital, and the Moving Defendants. *Id.* ¶¶ 24–57. The Complaint asserts nineteen counts against some or all Defendants: (1) deprivation of a right or privilege, in violation of 18 U.S.C. § 241; (2) conspiring to deprive a right or privilege, in violation of 18 U.S.C. § 242; (3) assault and battery; (4) human trafficking; (5) denial of the right to self-determination, (6) fraud; (7) violation of the First Amendment; (8) forced assimilation; (9) abuse of a care-dependent person, in violation of 18 Pa. C.S. § 2713.1; (10) violations of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. 1320d *et seq.*; (11) violation of the Fifth Amendment; (12) violation of the Eighth Amendment; (13) violation of the Ninth Amendment; (14) elder patient abuse; (15) reckless endangerment; (16) additional violations of HIPAA: (17) body mutilation; (18) defamation of character; and (19) violation of Article 24 of the United Nations Declaration on the Rights of Indigenous Peoples. *Id.* ¶¶ 146–210.

In November 2025 and January 2026, several Defendants filed motions to dismiss. ECF No 8 (motion to dismiss of Defendant Moldavsky pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)); ECF No. 17 (same, as to Defendants' Levin and Fontanilla); ECF No. 18 (same, as to Defendant Tachev, and also moving to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(5)). Two of the Moving Defendants also filed notices of intent to enter a judgment of non pros for failure to file a certificate of merit. ECF No. 13 (Defendant Moldavsky); ECF No. 14 (Defendant Tachev).

The Moving Defendants' Motions (ECF Nos. 8, 17, 18) are now before the Court.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In order to survive such a motion, the "complaint must contain sufficient factual matter," which when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Those allegations do not need to render the plaintiff's claim probable, but there must be more than a "possibility that a defendant has acted unlawfully." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). When a plaintiff proceeds *pro se*, courts must construe the plaintiff's allegations liberally. *See Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). However, the allegations, when liberally construed, must still state a plausible claim to relief. *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), *as amended* (Mar. 24, 2015).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

## III.    DISCUSSION

Defendants Levin, Fontanilla, Moldavsky, and Tachev (the "Moving Defendants") move to dismiss Plaintiff's Complaint. ECF Nos. 8, 7, 18. With respect to some counts against the Moving Defendants (Counts I, II, V, VIII, IX, X, XIV, XVI, XVII, and XIX), Plaintiff plainly

lacks a cause of action, and the Court will therefore dismiss for lack of jurisdiction. And with respect to other counts against the Moving Defendants (Counts IV, VII, XI, XII, XIII, and XVIII), Plaintiff fails to state a claim. The Court will decline to exercise supplemental jurisdiction over the remaining counts (Counts III, VI, and XV).

### A. Lack of Subject Matter Jurisdiction

The Moving Defendants move to dismiss certain counts for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[3] *See* ECF No. 8 at 2; ECF No. 17 at 1; ECF No. 18-1 at 3. They argue that for these counts, there is no private right of action under which a plaintiff may bring suit. *See, e.g.*, ECF No. 18-1 at 3–11. In opposition, Plaintiff argues that she does not claim a private right of action, instead she is simply "upholding her rights under the Constitution." ECF No. 26 at ¶ 62; ECF No. 27 at ¶ 41.

Plaintiff's argument misunderstands the import and necessity of a private right of action. A so-called private right of action, or private cause of action, refers to "the right of an individual to bring suit to remedy or prevent an injury that results from another party's actual or threatened violation of a legal requirement." *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 296 (3d Cir. 2007) (cleaned up). While ordinarily, the absence of a private right of action is not a matter of subject matter jurisdiction, but instead pertains to the failure to state a claim, courts are deprived of jurisdiction where the basis for the right of action is plainly "insubstantial and frivolous." *Verizon*

---

[3] As an initial matter, Plaintiff argues in opposition that the Federal Rules of Civil Procedure do not apply to Natural people." ECF No. 26 at 1; ECF No. 27 at 1. This argument is unfounded. Contrary to Plaintiff's assertion, "Natural people" are subject to the Federal Rules of Civil Procedure just as all other litigants are. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (describing the Federal Rules of Civil Procedure as uniform rules that apply to all litigants). Accordingly, while the Court must liberally construe Plaintiff's pleading as she is *pro se*, the Court may not suspend the Rules of Civil Procedure entirely on account that Plaintiff has self-identified as a "Natural Person." *See id.*; *see also Liggon-Redding*, 659 F.3d at 265.

*Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002) (citation omitted). As discussed *infra*, because there is plainly no private right of action for Counts I, II, V, VIII, IX, X, XIV, XVI, XVII, and XIX, these Counts will be dismissed.

### 1. Counts I, II, IX: Violations of Criminal Statutes

Plaintiff asserts claims under two federal criminal statutes—18 U.S.C. § 241 (Count I), and 18 U.S.C. § 242 (Count II). ECF No. 1 ¶¶ 146–49. These statutes do not establish a private right of action. *See, e.g.*, *Watson v. Wash. Twp. of Gloucester Cnty. Pub. Sch. Dist.*, 413 F. App'x 466, 468 (3d Cir. 2011) (per curiam) (holding that a *pro se* plaintiff did "not have a private right of action to sue the defendants under 18 U.S.C. §§ 241 or 242"); *Davis v. Norwood*, 614 F. App'x 602, 605 (3d Cir. 2015) (same).

Plaintiff also brings a claim under a Pennsylvania criminal statute—18 Pa. C.S.A. § 2713.1 (Count IX). ECF No. 1 ¶¶ 174–75. However, § 2713.1 does not expressly confer a private right of action. *See* 18 PA. STAT. AND CONS. STAT. § 2713.1 (West 2021). To the contrary, it places the authority to investigate and initiate proceedings with district attorneys and the Pennsylvania Attorney General. *Id.* § 2713.1(d). And there is no indication that the legislative history of this statute sought to create a private right of action. Accordingly, no private right of action exists for the criminal statute 18 Pa. C.S. § 2713.1. *See Alfred M. Lutheran Distribs., Inc. v. A.P. Weilersbacher, Inc.*, 650 A.2d 83, 87 (Pa. Super. Ct. 1994) ("absent some other indicia of legislative intent" there is no private right to enforce a criminal statute that does not expressly provide for a private right of action). Accordingly, Counts I, II, and IX will be dismissed as to the Moving Defendants.

### 2. *Count V: Violation of Patient Right to Self-Determination*

Plaintiff next brings a claim for violations of the right to self-determination against Defendants Levin, Fresenius Inc., Bowens, and Liu. ECF No.1 ¶¶ 156–59. She states that Defendants violated this right by referring to her as "Cynthia Biggs," rather than Biggs El. *See id.* ¶ 157. And she cites the United Nations Declaration on the Rights of Indigenous People and the Universal Declaration of Human Rights in support. *See id.* ¶¶ 157–59. However, "the United Nations Declaration on the Rights of Indigenous Peoples is a nonbinding declaration that does not create a private cause of action." *Isaac v. Sigman*, No. CV165345, 2017 WL 2267264, at *6 (D.N.J. May 24, 2017); *see United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (noting that a non-binding United Nations declaration "provides no private rights of action" since it does not create legal obligations). Likewise, the Universal Declaration of Human Rights "creates no legal obligations or private civil cause of action." *Lizalde v. Goldberg*, 790 F. App'x 217, 217 (D.C. Cir. 2019) (per curiam). And to the extent that the Complaint can be liberally construed as raising claims under the Patient Self-Determination Act, this Court previously found in another case involving Plaintiff that this Act "does not 'create a private cause of action.'" *Biggs El v. Hosp. of Univ. of Pa.*, No. 2:25-CV-02464, 2025 WL 2263443, at *3 (E.D. Pa. Aug. 7, 2025). Count V will therefore be dismissed.

### 3. Count VIII: Forced Assimilation

Plaintiff next brings a claim for forced assimilation against all Defendants. ECF No. 1 ¶¶ 172–73. Plaintiff alleges that Defendants "forced [her] to continue receiving hemodialysis treatment" at one facility despite her "request to transfer to another facility . . . after multiple instances of abuse, irregularities and improprieties." *Id.* ¶ 173. Plaintiff cites to Article 24 of the United Nations Declaration on the Rights of Indigenous People and the First Amendment of the U.S. Constitution in support. *See id.* However as noted above, "the United Nations Declaration on the Rights of Indigenous Peoples is a nonbinding declaration that does not create a private cause of action." *Isaac*, 2017 WL 2267264, at *6. And to the extent Plaintiff relies on the First Amendment, Plaintiff fails to state a cause of action for a constitutional violation, as discussed below. *See infra* Section III.B.2. Count VIII will therefore be dismissed as to the Moving Defendants.

### 4. Counts X, XVI: HIPAA

Plaintiff brings claims for HIPAA violations against Defendants FKC Abington, Levin, Bowens, and Tachev. ECF No. 1 ¶¶ 176–77. She alleges that these Defendants compromised her medical records. *Id.* ¶ 177. Plaintiff separately brings claims for HIPAA violations against all Defendants, stating she was denied the right to informed consent regarding the dissemination of her medical records and that such records were inaccurate. *Id.* ¶¶ 198–99.

Courts in this district routinely find that "HIPAA does not create a private right of action." *See, e.g.*, *Johnson v. WPIC*, 782 F. App'x 169, 171 (3d Cir. 2019) (per curiam); *Coley v. George W. Hill Prison*, No. 18-cv-4127, 2018 WL 5814673, at *6 (E.D. Pa. Nov. 6, 2018); *Dade v. Gaudenzia DRC, Inc.*, No. 13-cv-1381, 2013 WL 3380592, at *2 (E.D. Pa. July 8, 2013). Because

9

Plaintiff lacks a private right of action under HIPAA, the Court will dismiss Counts X and XVI as to the Moving Defendants.

### 5. *Count XIV: Elder Patient Abuse*

Plaintiff's next claim is that all Defendants committed elder patient abuse. ECF No. 1 ¶¶ 194–95. She states that Defendants inflicted emotional pain upon her. *Id.* ¶ 195. Plaintiff does not cite to any federal statute providing a cause of action for elder patient abuse. Moreover, Plaintiff previously attempted to assert a claim for elder patient abuse in a different lawsuit before this Court. *See Biggs El*, No. 25-cv-2464, 2025 WL 2263443, at *4. In dismissing that count, the Court explained that it did not find any relevant federal statutes that created a cause of action for elder patient abuse and noted that other courts have dismissed similarly pled counts. *Id.* (citing *Adkins v. Sogliuzzo*, No. 09-cv-1123, 2013 WL 5468970, at *17 (D.N.J. Sept. 30, 2013)). Plaintiff therefore lacks any federal cause of action for elder patient abuse. And to the extent Plaintiff's allegations can be construed as bringing a claim for intentional infliction of emotional distress under Pennsylvania state law, the Court declines supplemental jurisdiction over Plaintiff's state law claims, as discussed below. *See infra* Section III.D. Count XIV will therefore be dismissed as to the Moving Defendants.

### 6. *Count XVII: Bodily Mutilation*

Plaintiff next brings a claim for "body mutilization," which appears to be against all Defendants. *See* ECF No. 1 ¶¶ 200–05. Plaintiff alleges that her body "has been grossly disfigured" due to excess fluid inputted by dialysis technicians. The Court recently dismissed a virtually identical claim by Plaintiff due to there being no cause of action for bodily mutilation, and it will dismiss Count XVII for those same reasons here. *Biggs El v. Shapiro*, No. 25-cv-4659, 2026 WL

237547, at *7 (E.D. Pa. Jan. 28, 2026). To the extent this claim could be construed as a claim for assault or battery, the Court addresses such a claim below. *See infra* Section III.D.

       7.  *Count XIX: Violation of Article 24 of the United Nations Declaration on the Rights of Indigenous Peoples*

Turning to Count XIX, Plaintiff bring a claim for violations of Article 24 of the United Nations Declaration on the Rights of Indigenous Peoples, which this Court liberally construes to be brought against all Defendants. ECF No. 1 ¶¶ 208–10 (not specifying against which Defendants the claim is brought). Plaintiff alleges that "[i]ndigenous individuals" have the right to access social and medical services "without any discrimination," "an equal right to the enjoyment of the highest attainable standard of physical and mental health," and a "right to their traditional medicines." *Id.* ¶¶ 209–10.

As this Court noted in its recent opinion dismissing another case brought by Plaintiff, "nonbinding declarations, such as the United Nations Declaration of Human Rights ("UDHR"), do not provide any 'private rights of action' in federal court." *Biggs El*, 2026 WL 237547, at *8 (citing *Chatman*, 351 F. App'x at 741; *Mitchell v. Robinson*, No. 24-cv-5687, 2025 WL 1047714, at *2 n.4 (E.D. Pa. Apr. 8, 2025); *Isaac*, 2017 WL 2267264, at *6). Accordingly, Plaintiff lacks a private right of action under which to bring Count XIX, and Count XIX will therefore be dismissed as to the Moving Defendants.

## B.  Failure to State a Claim

The Moving Defendants also move to dismiss certain counts for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 8 at 2; ECF No. 17 at 1; ECF No. 18-1 at 11–17. Because Plaintiff fails to state a claim under Counts IV, VII, XI, XII, XIII, and

11

XVIII, the Court will dismiss these counts against the Moving Defendants pursuant to Rule 12(b)(6).

### 1. Count IV: Human Trafficking

Plaintiff brings a count for human trafficking against all Defendants. ECF No. 1 ¶¶ 154–55. She alleges that Defendants "actively embarked on the encroachment of Biggs El's constitutionally secured liberties to seek other treatment at a dialysis center of her choice." *Id.* ¶ 155. Although there is a federal cause of action for victims of trafficking, pursuant to the Trafficking Victims Protection Act of 2000, and a similar state cause of action, 18 Pa. C.S.A. § 3051, Plaintiff "failed to allege any facts suggesting that the defendants subjected h[er] to human trafficking, peonage, or the like." *See Brown v. City of Phila. Off. of Hum. Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam). Though she alleges her right to a dialysis center of her choice was limited, this does not qualify as the sort of act of sex trafficking or "subjection to involuntary servitude, peonage, debt bondage, or slavery" against which the statutes protect. *See* 22 U.S.C. § 7102(11)–(12), (17). Count IV therefore will be dismissed against the Moving Defendants.

### 2. Counts VII, XI, XII, XIII: Constitutional Violations

Plaintiff alleges that Defendants violated her rights under the First Amendment (Count VII); Fifth Amendment (Count XI); Eighth Amendment (Count XII); and Ninth Amendment (Count XIII). ECF No. 1 ¶¶ 170–71, 178–93.

Under 42 U.S.C. § 1983, plaintiffs may sue individuals acting "under color of state law" for violations of federal constitutional or statutory rights. *Grammer v. John J. Kane Reg'l Ctrs. Glen Hazel*, 570 F.3d 520, 525 n.2 (3d Cir. 2009). Here, Plaintiff fails to plausibly plead Defendants were acting under the color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) ("Action under color of state law requires that one liable under §

1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotations and citations omitted)). The Moving Defendants are all private, rather than state, actors. And their alleged conduct lacks "such a close nexus" to the State that "seemingly private behavior may be fairly treated as that of the State itself." *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (internal quotations and citations omitted). Nothing indicates that the hospital at which the Moving Defendants were employed was government-run. Plaintiff several times refers to Governor "Josh Shapiro and his network of medical practitioners." *See* ECF No. 1 ¶¶ 6, 179, 216. However, this singular, bare allegation does not plausibly establish how Defendants acted as instrumentalities of the state.

Regardless, even if the state action requirement were satisfied, Plaintiff still fails to state a claim. To state a claim under § 1983, a plaintiff must allege that an official acting under color of state law committed the deprivation of a federal right. *See Fed. L. Enf't Officers Ass'n v. Att'y Gen. N.J.*, 93 F.4th 122, 128 (3d Cir. 2024). Plaintiff cannot do so here.

First, Plaintiff claims that because Defendants denied her access to dialysis centers, her freedom of association was violated.[4] ECF No. 1 ¶ 171 (Count VII). Though the First Amendment

---

[4] In Plaintiff's Motion Not to Dismiss, construed as an opposition to the Moving Defendants' Motion to Dismiss, Plaintiff argues that she "experienced multiple instances of health care discrimination and abuse as a result of her religion" of Islamism. ECF No. 26 at ¶ 44. This argument appears to address a claim for violations of Plaintiff's right to the free exercise of her religion. However, even broadly construed, Plaintiff's complaint does not set forth a claim for violations of the Free Exercise Clause. *See* ECF No. 1 at 170–71. Even if the Court were to construe Plaintiff's Motion Not to Dismiss as a Motion for Leave to Amend, that motion would be denied as to this claim for the reasons discussed above. *Supra*. Plaintiff has not identified the requisite state actors to state a plausible § 1983 claim for violations of the Free Exercise Clause. Further, even if Plaintiff could satisfy the state action requirement, she would still have failed to state a claim. Plaintiff's conclusory statement that she was discriminated against and abused due to her religion fails to provide the Court with any facts from which to determine whether Plaintiff has plausibly alleged that her free exercise rights were violated by Defendants. *See* ECF No. 26 at ¶ 44.

13

protects the freedom of association, it "does not protect all 'associations,'" and instead "protects 'associations to the extent that they are expressive.'" *Crowe v. Or. State Bar*, 112 F.4th 1218, 1233 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2848 (2025) (citation omitted). Even if Defendants were acting under the color of state law, which they were not, Plaintiff does not plausibly show that her ability to associate with dialysis centers was expressive—that is, that it was intended to "convey a particularized message" that "would be understood by those who viewed it." *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (citation omitted). Plaintiff's First Amendment claim (Count VII) will therefore be dismissed.

Plaintiff next alleges that Defendants violated the Due Process Clause of the Fifth Amendment by depriving her of the right "to make choices" and "pursue individual fulfillment and well-being." ECF No. 1 ¶¶ 180–81 (Count XI). First, the Fifth Amendment, unlike the Fourteenth Amendment, protects individuals against violations by the federal government, and Plaintiff has not sued any federal defendants. *See B&G Constr. Co. v. Dir., Off. of Workers' Comp. Programs*, 662 F.3d 233, 246 n.14 (3d Cir. 2011) (explaining that the Due Process Clause of "the Fourteenth Amendment applies only to acts under color of state law whereas the Fifth Amendment applies to actions of the federal government"). Even liberally construing the Complaint to bring a Fourteenth Amendment claim, Plaintiff merely recites her purported rights without connecting the alleged violation to specific factual allegations that would state a plausible claim for relief. *See, e.g.*, *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff therefore fails to state a claim.

Plaintiff also alleges that Defendants violated her Eighth Amendment right against cruel and unusual punishment. ECF No. 1 ¶¶ 190–91 (Count XII). She likewise states that Defendants violated her Ninth Amendment rights. *Id.* ¶¶ 192–93 (Count XIII). Plaintiff's Complaint does not

allege any specific facts to support these claims.[5] *Id.* ¶¶ 190, 192. These minimal allegations are insufficient to demonstrate that Moving Defendants are state actors, have a close relationship to the State, or committed violations of Plaintiff's federal rights.

Because Defendants were not acting under the color of state law, and because Plaintiff regardless fails to state claims for violations of her constitutional rights, Counts VII, XI, XII, and XIII will be dismissed as to the Moving Defendants.

### 3. Count XVIII: Defamation of Character

Next, Plaintiff brings a count for defamation of character. ECF No. 1 ¶¶ 206–07. She does not specify against which Defendants this claim is brought, and the Court will liberally construe it as being brought against all Defendants. *See id.* Plaintiff alleges that Defendants' falsified medical records, which "damaged her reputation" and that "[s]he was refused treatment" based on these "untruths." *Id.* ¶ 207. To the extent that Plaintiff brings a claim under state law for defamation, the Court will decline supplemental jurisdiction over this claim, as discussed below. *See infra* Section III.D.

The Third Circuit has also indicated that a claim for defamation of character might exist under 42 U.S.C. § 1983. *See Kohler v. Pennsylvania*, 438 F. App'x 120, 123 (3d Cir. 2011). But "'defamation of character' is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Id.* (internal quotations and citations omitted). Plaintiff does not allege that a particular constitutional right was violated in connection with her defamation of character claim, and Plaintiff's other constitutional claims will be dismissed for the reasons above. Accordingly, the Court will dismiss Count XVIII against the Moving Defendants.

---

[5] In Plaintiff's Motion Not to Dismiss,

**C. Defendant Tachev's Motion to Dismiss for Insufficient Service**

In addition to moving to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Tachev also moves to dismiss for lack of service. ECF No. 18-1 at 18; *see* Fed. R. Civ. P. 12(b)(5). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Defendant Tachev states that the Complaint was mailed to "non-party Paoli Hospital," which is not the usual place of business of Moving Defendant, who is not employed by said hospital" and which Defendant Tachev does not "have an agent at Paoli Hospital who is authorized to accept service." ECF No. 18-1 at 19. A review of the docket reflects that Plaintiff did not properly serve Defendant Tachev, in light of the representation that Defendant is not employed by Paoli Hosptial. Even if it were Defendant Tachev's place of employment, "[n]umerous authorities indicate that simply leaving copies of the summons and the complaint at an individual's place of employment with an individual who is not authorized to accept process for the defendant is insufficient service of process." *Anyaibe v. Gilbert Sec. Serv., Inc.*, No. CIV. A. 94-2377, 1995 WL 322452, at *3 n.6 (D.D.C. May 18, 1995). Accordingly, though the Court need not reach the issue of service given it's above rulings on Plaintiff's claims and its below decision to decline supplemental jurisdiction over any remaining state law claims, service with respect to Defendant Tachev is also improper.

**D. Supplemental Jurisdiction**

16

Lastly, Plaintiff brings several state law claims: assault and battery (Count III), fraud (Count VI), and reckless endangerment (Count XV).[6] *See* ECF No. 1 ¶¶ 150–53, 160–69, 196–97. The Court will decline supplemental jurisdiction over these claims. A district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). When a district court has dismissed all claims over which it had original jurisdiction before trial, it must decline to adjudicate the remaining claims "unless considerations of judicial economy, convenience, and fairness" support retaining jurisdiction. *See Talley v. Clark*, 111 F.4th 255, 266 n.6 (3d Cir. 2024) (citation omitted); *see also* 28 U.S.C. § 1367(c)(3).

Here, the Court will dismiss all claims against the Moving Defendants over which it has original jurisdiction based on federal question jurisdiction. And even insofar as other Defendants remain in this litigation, the claims against these Defendants would fail for the reasons identified above, and no original jurisdiction would exist against these Defendants either. Nor have such other Defendants been properly served, and they are therefore not properly before the Court.

Nor does another basis for subject matter jurisdiction, such as diversity jurisdiction, appear to be available here. District courts may exercise jurisdiction over cases raising claims that arise "exclusively under state law" if diversity jurisdiction exists. *Lombardo v. Evans*, No. 24-cv-1999,

---

[6] Plaintiff also cites several purportedly federal grounds for her fraud claim. She cites the Negotiable Instruments Act of 1881 and 18 U.S.C. § 242. ECF No. 1 ¶¶ 163, 168. However, there appears to be no federal statute by this name, and it appears to be a statute from the country of India. Accordingly, it does not assist Plaintiff in demonstrating a federal cause of action for fraud. Similarly, 18 U.S.C. § 242 does not supply a cause of action because it is a criminal statute. *See Watson*, 413 F. App'x at 468.

To the extent Plaintiff also relies on the Uniform Commercial Code, ECF No. 1 ¶ 164, that also does not create a federal cause of action. *See Wachovia Mortg. Assoc. v. Lee*, No. 1:11-CV-00304-TWT-RGV, 2011 WL 976629, at *2 (N.D. Ga. Feb. 4, 2011), *report and recommendation adopted*, No. 1:11-CV-304-TWT, 2011 WL 941351 (N.D. Ga. Mar. 17, 2011).

2024 WL 3927233, at *12 (E.D. Pa. Aug. 22, 2024); 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, there must be complete diversity—that is, all defendants must be citizens of different states than all plaintiffs. Here, Plaintiff is a citizen of Pennsylvania. *See* ECF No. 1 at 42 (representing that Plaintiff resides in Montgomery County). She sued multiple Defendants who appear to be Pennsylvania citizens, as well. *See* ECF No. 1 ¶ 47 (referring to one defendant as a Philadelphia native who practices in Philadelphia); *see also* ECF No. 1-1 at 1–2. Accordingly, the requirements of diversity jurisdiction do not appear to be met.

Considerations of judicial economy, convenience, and fairness do not support retaining jurisdiction here. Accordingly, the Court will decline supplemental jurisdiction over any remaining state law claims (Count III, Count VI, Count XV).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant the Moving Defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim (ECF Nos. 8, 17, 18). The Court will dismiss the Complaint without prejudice as to the Moving Defendants. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**